Monique Harris (SBN 272467)
**HARRIS APC**
P.O. Box 2575
Fontana, CA 92334
Telephone: (909) 761-4826

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE HARRIS and KALIMBA HARRIS,<br><br>Plaintiffs,<br><br>vs.<br><br>LANDSEA HOMES CORPORATION, LS-ONTARIO LLC, and DOES 1-10,<br><br>Defendants | CASE NO.:<br><br>**COMPLAINT**<br><br>1. VIOLATION OF THE CIVIL RIGHTS ACT OF 1866<br>2. VIOLATION OF THE FAIR HOUSING ACT OF 1968<br>3. VIOLATION OF THE UNRUH CIVIL RIGHTS ACT<br>4. VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA")<br>5. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1057.3<br>6. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>7. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.<br><br>DEMAND FOR JURY TRIAL |

## **PARTIES**

1. Plaintiffs MONIQUE HARRIS and KALIMBA HARRIS (collectively "Plaintiffs") are individuals who are and were, at all relevant times mentioned herein, residents of the State of California.

///

2. Defendants LANDSEA HOMES CORPORATION and LS-ONTARIO LLC are corporations that are and were, at all relevant times mentioned herein, incorporated in the State of Delaware.

3. Plaintiffs are informed and believe that Defendant LS-ONTARIO LLC ("Landsea Homes" or "Landsea") is a wholly owned subsidiary of LANDSEA HOMES CORPORATION.

4. Plaintiffs are further informed and believe that Defendant LANDSEA HOMES CORPORATION engaged in the conduct described herein or authorized or ratified Defendant LS-ONTARIO LLC's conduct.

5. Plaintiffs do not know the true names and capacities of the defendants sued herein as DOES 1 through 10. Therefore, Plaintiffs sue these defendants by such fictitious names.

6. Plaintiffs will amend this complaint to allege these defendants' true names and capacities when ascertained.

7. Defendants LANDSEA HOMES CORPORATION, LS-ONTARIO LLC and DOES 1 through 10 are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

8. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. section 1331 in that the claims alleged herein arise under the laws of the United States.

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts.

10. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that they form part of the same case or controversy under Article III of the United States Constitution.

///

11. Venue in the Eastern Division of California and assignment to Riverside are proper because the real property that forms the basis of the action herein is located in San Bernardino County.

## FACTUAL BACKGROUND

12. This is an action against Landsea Homes and each defendant for injunctive relief, damages, costs, and attorneys' fees for racial discrimination, breach of the implied covenant of good faith and fair dealing, and unfair business practices.

13. In October of 2021, Plaintiff and Plaintiff's agent, who is also Plaintiff's counsel, toured the model homes at Landsea's new home community in Ontario, California.

14. Immediately after touring the model homes, Plaintiff, who is Black, and Plaintiff's agent, who is also Black, had a discussion with Tom, one of Landsea's agents.

15. During their discussion, Plaintiff's agent asked Tom when the model homes in Ontario would be available for sale and Tom told Plaintiff and Plaintiff's agent that all the model homes were sold.

16. Tom also told Plaintiff's agent that if Plaintiff sought to purchase a home that was under construction, Plaintiff was required to join Landsea's interest list and submit an offer on one of the properties.

17. Plaintiff joined Landsea's interest list and later received a promotional email stating that Landsea would accept offers from Saturday, November 27, 2021 at 10:00 a.m. to Sunday, November 28, 2021 at 6:00 p.m.

18. On Sunday, November 28, 2021, before 6:00 p.m., Plaintiff attempted to submit an offer on one of the properties. However, Plaintiff received a message stating that Landsea was no longer accepting offers.

19. On Monday, November 29, 2021, Plaintiff's agent informed Parker, one of Landsea's agents, that Plaintiff was prevented from submitting an offer on a property.

20. Landsea did not attempt to correct the problem. Instead, Plaintiff's agent was informed that Landsea would accept an offer that was submitted on Saturday, November 28, 2021 and Plaintiff was not afforded the opportunity to submit an offer.

21. In January of 2022, Plaintiff contacted Landsea's agents in Ontario and asked if any homes were available for purchase.

22. At that time, Plaintiff discovered that the home she attempted to submit an offer on in November of 2021 (or a similar home) was back on the market and was still under construction.

23. On January 26, 2022, Plaintiff's agent informed Lorry Ann, one of Landsea's agents, that Plaintiff was interested in purchasing the above-mentioned property.

24. On January 26, 2022, Plaintiff wired an earnest money deposit to First American Title Company ("First American") in the amount of $20,000.00 for Birchley Homesite 129 (the "Subject Property" or "Property").

25. Thereafter, Plaintiff sent First American a deposit for design upgrades in the amount of $8,985.00.

26. On February 16, 2022, Plaintiff Kalimba Harris entered into a written contract with Landsea Homes for the purchase of the Property (the "Purchase Agreement" or "Agreement") and Plaintiff's agent, Monique Harris, entered into a separate written contract with Landsea Homes, wherein Landsea agreed to pay Monique Harris a referral fee in the amount of $10,000.00 when Plaintiff Kalimba Harris closed escrow on the Subject Property (the "Referral Agreement").

27. On May 2, 2022, Landsea sent a letter informing Plaintiff that the Subject Property was scheduled to close escrow on June 10, 2022.

28. On May 5, 2022, Plaintiff received a letter from Patrick Higgins, an agent for Landsea. In his letter, Higgins stated that Plaintiff was "required to obtain Final Loan Approval on or before May 10, 2022" pursuant to the terms of the Purchase Agreement.

29. Higgins further stated that Plaintiff's failure to obtain final loan approval before May 10, 2022 would "constitute a material default by [Plaintiff] under the terms of the Agreement." However, the allegations made by Higgins are false. There is no term in the Purchase Agreement that "required [Plaintiff] to obtain Final Loan Approval on or before May 10, 2022" and Higgins made the false allegations to cover up Landsea's discriminatory motive.

30. Plaintiff did not obtain final loan approval by May 10, 2022. However, between May 5, 2022 and May 24, 2022, Plaintiff and Landsea's agents continued to communicate with each other and Plaintiff's loan representative regarding the Subject Property and Plaintiff's loan.

31. On May 24, 2022, several agents for Landsea, including Higgins, contacted Brandon, Plaintiff's loan representative, regarding Plaintiff's loan, and Brandon informed Landsea's agents that Plaintiff would receive a conditional loan approval on May 25, 2022.

32. On May 24, 2022, at approximately 8:25 p.m., Plaintiff received a letter from Patrick Higgins via email. In his letter, Higgins stated that Landsea Homes terminated Plaintiff's Purchase Agreement because Plaintiff did not "cure [the] default" referenced in the letter from Higgins dated May 5, 2022.

33. As mentioned supra, the allegations made by Higgins are false. There is no term in the Purchase Agreement that "required [Plaintiff] to obtain Final Loan Approval on or before May 10, 2022" and Higgins made the false allegations to cover up Landsea's discriminatory motive.

34. Moreover, in his May 24th letter to Plaintiff, Higgins stated that First American would disburse Plaintiff's deposit to Landsea unless, "within (20) days from [Plaintiff's] receipt of [the May 24th] letter," Plaintiff provided Landsea and First American with a "written objection to the disbursement of the deposit to Landsea as liquidated damages."

///

35. On May 25, 2022, Plaintiff sent a letter to Landsea demanding a refund of Plaintiff's deposit, totaling $28,985.00.

36. On May 26, 2022, Plaintiff's counsel sent a letter to Landsea, also demanding a refund of Plaintiff's deposit.

37. On May 27, 2022, Plaintiff sent a letter to First American demanding a refund of Plaintiff's deposit.

38. On May 27, 2022, Plaintiff's counsel sent a letter to First American, also demanding a refund of Plaintiff's deposit.

39. To date, Plaintiff has not received a refund from Landsea or First American.

40. Further, on July 13, 2022, Plaintiff's agent received a promotional email from Landsea stating that the model homes that Landsea's agent represented were sold, were, in fact, available for purchase.

41. Plaintiff contends that Landsea Homes took into account Plaintiffs' race when it:

   a. Falsely represented that all the model homes were sold;
   b. Prevented Plaintiff from submitting a bid on one of the properties;
   c. Terminated Plaintiff's Purchase Agreement; and
   d. Failed or refused to refund Plaintiff's deposit of $28,985.00.

42. Race was a motivating factor in Landsea's conduct, as described herein, in violation of the Fair Housing Act and related federal and state laws. Accordingly, Plaintiffs seek monetary and injunctive relief.

## "VOLUNTARY" ARBITRATION CLAUSE

43. Plaintiff Kalimba Harris ("Plaintiff") contends that any arbitration clause in the Agreement is void or voidable on the grounds that Landsea Homes fraudulently induced Plaintiff to "agree" to arbitration when it represented that arbitration was "voluntary" and then forced Plaintiff to sign and initial the arbitration clause provisions in the documents that were provided to Plaintiff through DocuSign.

44. Moreover, Plaintiff contends that any arbitration clause in the Agreement is inapplicable to Plaintiff's housing discrimination claims against Landsea Homes.

## **PLAINTIFFS' INJURIES**

45. As a proximate result of Landsea's conduct, as described herein, Plaintiffs have suffered damages.

46. Plaintiff Monique Harris has suffered monetary damages, specifically loss of the referral fee that she would have earned when the Subject Property closed escrow, and violation of her civil rights.

47. Plaintiff Kalimba Harris has suffered monetary damages including, but not limited to:

    a. Loss of equity in the Subject Property; and

    b. Lost profits from the sale of Plaintiff's current primary residence, which Plaintiff intended to sell prior to close of escrow of the Subject Property.

48. Moreover, Plaintiff Kalimba Harris has suffered emotional distress with accompanying physical injuries, as well as violation of her civil rights.

## **PUNITIVE DAMAGES**

49. By engaging in the conduct described herein, Defendants acted recklessly, callously, and willfully. Moreover, Defendants acted with malice and with wanton and conscious disregard for fair housing rights. Accordingly, Plaintiffs are entitled to punitive damages under the Civil Rights Act of 1866 and the Fair Housing Act.

///

## FIRST CAUSE OF ACTION

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866

## 42 U.S.C. SECTIONS 1981 AND 1982

**(Plaintiff against All Defendants)**

50. Plaintiff refers to and incorporate all preceding paragraphs as though fully set forth herein.

51. By engaging in the conduct described herein, Defendants have injured Plaintiff by impairing her right to make and enforce contracts, and to the full and equal benefit of the laws for security of property, in violation of 42 U.S.C. section 1981.

52. Further, by engaging in the conduct described herein, Defendants have injured Plaintiff by depriving her of the right to purchase, lease, sell, hold, and convey real property, in violation of 42 U.S.C. section 1982.

53. Accordingly, Plaintiff is entitled to relief under 42 U.S.C. sections 1981, 1982 and 1988(a).

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FAIR HOUSING ACT OF 1968

## 42 U.S.C. SECTIONS 3601 ET SEQ.

**(Plaintiffs against All Defendants)**

54. Plaintiffs refer to and incorporate all preceding paragraphs as though fully set forth herein.

55. Defendants injured Plaintiffs in violation of the federal Fair Housing Act by committing the following discriminatory housing practices:

    a. Making unavailable or denying housing opportunities to Plaintiff based on race, in violation of 42 U.S.C. section 3604(a);

///

    b. Discriminating against Plaintiff in the performance of residential real estate-related transactions, because of race, in violation of 42 U.S.C. section 3605(a) and 24 C.F.R. sections 100.110(b) and 100.135(a) and (d);

    c. Interfering with Plaintiff's exercise or enjoyment of any right granted or protected by the Fair Housing Act in violation of 42 U.S.C. section 3617;

    d. Making a statement to Plaintiff and Plaintiff's agent with respect to the sale of a dwelling that indicates preference, limitation, or discrimination based on race, or an intention to make such a preference, limitation or discrimination, in violation of 42 U.S.C. section 3604(c).

56. Accordingly, Plaintiffs are aggrieved persons under 42 U.S.C. section 3602 and Plaintiff s are entitled to relief pursuant to 42 U.S.C. section 3613(c).

### THIRD CAUSE OF ACTION
### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### CALIFORNIA GOVERNMENT CODE SECTION 51 ET SEQ.
**(Plaintiffs against All Defendants)**

57. Plaintiffs refer to and incorporate all preceding paragraphs as though fully set forth herein.

58. In doing the acts described herein, Defendants have engaged in intentional and arbitrary discrimination in the operation of a business establishment based on Plaintiffs' race.

59. Accordingly, Plaintiffs are entitled to relief pursuant to California Government Code section 51 et seq.

///

# FOURTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA")

**(Plaintiffs against All Defendants)**

60. Plaintiffs refer to and incorporate all preceding paragraphs as though fully set forth herein.

61. Defendants injured Plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory practices:

   a. Making statements with respect to the sale of a housing accommodation that indicates a preference, limitation, or discrimination based on race, in violation of California Government Code section 12955(c);

   b. Discriminating against a person on the basis of race, in violation of California Government Code section 12955(d);

   c. Discriminating against a person in making available a transaction, or in the terms and conditions of a transaction, because of race, in violation of California Government Code section 12955(i); and

   d. Interfering with any person in the exercise or enjoyment of any right granted or protected by section 12955, in violation of California Government Code section 12955.7.

62. Accordingly, Plaintiffs are aggrieved persons within the meaning of FEHA, Government Code section 12927(g) and Plaintiffs are entitled to relief.

# FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1057.3

**(Plaintiff against All Defendants)**

63. Plaintiff refers to and incorporates all preceding paragraphs as though fully set forth herein.

///

64. Defendants injured Plaintiff, in violation of California Civil Code section 1057.3 when they failed and/or refused to refund Plaintiff's deposit in the total amount of $28,985.00 within 30 days from Plaintiff's written demand.

65. Accordingly, Plaintiff is entitled to her deposit, as well as treble damages and attorneys' fees.

## SIXTH CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**(Plaintiffs against All Defendants)**

66. Plaintiffs refer to and incorporate all preceding paragraphs as though fully set forth herein.

67. Plaintiffs entered into written contracts with Defendants and implied in the contracts were covenants of good faith and fair dealing, whereby Defendants agreed to act in good faith and deal fairly with Plaintiffs.

68. By engaging in the acts described herein, Defendants unfairly interfered with Plaintiffs' right to receive the benefits of the contracts and therefore breached the covenant of good faith and fair dealing.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.

**(Plaintiffs against All Defendants)**

69. Plaintiffs refer to and incorporate all preceding paragraphs as though fully set forth herein.

70. As described herein, Defendants have engaged in unfair and unlawful acts, in violation of section 17200 et seq.

71. Plaintiffs suffered injury in fact and lost money as a result of Defendants' conduct.

///

72. In bringing this action, Plaintiffs are acting on behalf of themselves and the general public pursuant to section 17204 of the California Business and Professions Code.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1. For general, special and compensatory damages;
2. For specific performance;
3. For treble damages;
4. For disgorgement of profits;
5. For attorneys' fees and costs;
6. For prejudgment interest; and
7. For punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial of all issues triable by jury in the action herein.

Dated: August 24, 2022            HARRIS APC

*MH*
_____
Monique Harris
Attorney at Law